UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WELLS ADVANCE LLC,

                      Plaintiff,

        -against-

NICOLE L CARPENTER,

                      Defendant.

1:22-cv-09997 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

      Defendant removed this action from the Supreme Court of the State of New York, County of New York, on November 23, 2022. ECF No. 1. Defendant asserts that jurisdiction in this Court is proper by reason of diversity of citizenship, pursuant to 28 U.S.C. § 1332. *See id.* ¶ 11. Defendant alleges that Defendant "is an adult with an address in the State of Texas." *Id.* ¶ 10. Defendant also alleges that Plaintiff is a limited liability company and that "[a]ll members of LLC are residents of the State of New York." *Id.* ¶ 9.

      "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. . . [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019). An LLC is deemed to be a citizen of each state of which its members are citizens. *See Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). The citizenship of each member of an LLC must be affirmatively alleged. *See Tutor Perini Bldg. Corp. v. N.Y.C. Reg'l Ctr.*, LLC, No. 20-cv-00731 (PAE), 2020 WL 7711629, at *2 (S.D.N.Y. Dec. 29, 2020); *Brown v. Keene*, 33 U.S. 112, 114 (1834) ("The decisions of this court require, that the averment of jurisdiction shall be positive, that the declaration shall state expressly the fact on which jurisdiction depends."). In other

words, "if any of an LLC's members are themselves non-corporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." *United States Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020) ("In pleading an LLC's citizenship, the identity and citizenship of each member has to be specifically alleged.") (collecting cases). Here, Plaintiff fails to properly allege the citizenship of either party.

Accordingly, it is hereby ORDERED that, **on or before December 5, 2022**, Defendant shall file on ECF a letter, supported by one or more sworn affidavits, alleging the citizenship of each party. If, by that date, Defendant is unable to allege a good-faith basis for complete diversity of citizenship, the action may be remanded to the Supreme Court of New York, County of New York, without further notice to the parties.

Additionally, Defendant is directed to, **withing two business days of this Order**, serve on Plaintiff a copy of this Order and file proof of such service on the docket. Counsel for Plaintiff are directed to file a notice of appearance on the docket **within two business days of such service**.

Dated: November 28, 2022
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge