UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WELLS ADVANCE LLC,

Plaintiff,

-against-

NICOLE L CARPENTER,

Defendant.

1:22-cv-09997 (JLR)

**<u>ORDER</u>**

---

JENNIFER L. ROCHON, United States District Judge:

On November 23, 2022, Defendant removed this action from the Supreme Court of the State of New York, County of New York.  ECF No. 1.  This Court, on November 28, 2022, ordered Defendant to supplement its Notice of Removal by filing a letter, supported by one or more sworn affidavits, alleging the citizenship of each party, including the individual Defendant and the limited liability Plaintiff and its members, to establish complete diversity.  ECF No. 3. Defendant filed a letter and supporting affidavits on December 5, 2022.  ECF No. 7.  For the reasons that follow, Defendant's supplemental submission is insufficient.

Defendant's supplemental letter does not allege the identity and citizenship of every member of the Plaintiff limited liability company.  Defendant alleges that "all members of the LLC are residents of the State of New York."  ECF No. 7 ¶ 7.  Defendant further alleges that Ahron Stock is the "only member or authorized person *filing and verifying pleadings and signing affidavits on behalf* of the LLC" and that Adam Bauer is the "only member or authorized person *listed to accept service on behalf* of [the Plaintiff LLC]."  *Id.* ¶¶ 8, 12 (italics added).  These qualified allegations are not enough.  As this Court stated in its November 28, 2022 Order, Defendant must affirmatively allege the identity and citizenship of each and every member of the Plaintiff limited liability company.  ECF No. 3.  Defendant has not alleged that Stock and Bauer

are the only two members of Plaintiff, nor do the documents attached to Defendant's submission indicate that Plaintiff has no other members than Stock and Bauer.

Defendant also has not alleged its own domicile. In the Notice of Removal, Defendant alleged that Defendant "is an adult with an address in the State of Texas" and "therefore a citizen of the State of Texas . . ." ECF No. 1 ¶ 10. In its supplemental submission, Defendant alleges that Defendant "is a citizen and resident of the State of Arizona." ECF No. 7 ¶ 17. Given these conflicting allegations by Defendant of Defendant's own residency and citizenship, the Court cannot determine where Defendant is domiciled, and thus where Defendant is a citizen for purposes of diversity jurisdiction.

The Court recognizes that "scrupulous enforcement of these jurisdictional rules may make it more difficult for many business entities to sue or to be sued in federal court under diversity jurisdiction." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 619 (2d Cir. 2019). But a "district court may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Id*. at 618. Additionally, removal is procedurally defective unless the defendant sets forth "a short and plain statement of the grounds for removal," which includes the basis for federal court jurisdiction. 28 U.S. Code § 1446(a); *see* 28 U.S. Code § 1447(c).

The Court will afford Defendant a final opportunity to allege complete diversity of citizenship. Accordingly, IT IS HEREBY ORDERED that, **by December 9, 2022**, Defendant shall file on ECF a letter, supported by one or more sworn affidavits, alleging the citizenship of each party. Defendant shall identify and allege the citizenship of every member of the Plaintiff limited liability company (and those members' members, down the chain of ownership) and the

domicile of Defendant.  If Defendant does not do so by that date, the Court will remand the

action to state court without further notice.

Dated:  December 6, 2022
         New York, New York

                                        SO ORDERED.


                                        JENNIFER L. ROCHON
                                        United States District Judge