UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WELLS ADVANCE LLC,

                Plaintiff,

-against-

NICOLE L CARPENTER,

                Defendant.

1:22-cv-09997 (JLR)

**MEMORANDUM OPINION
AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

      On November 28, 2022, the Court ordered Defendant to supplement its Notice of Removal by alleging the citizenship of each party, including the individual Defendant and the limited liability Plaintiff and its members, to establish complete diversity. ECF No. 3. Defendant filed a letter and supporting affidavits on December 5, 2022. ECF No. 7. On December 6, 2022, the Court found Defendant's supplemental allegations insufficient and afforded Defendant an additional opportunity to set forth the parties' diversity of citizenship. ECF No. 8. Defendant submitted another supplemental response on December 9, 2022. ECF No. 9. As set forth below, Defendant still has not alleged complete diversity.

      In its December 9, 2022 submission, Defendant concedes that, "after conducting a reasonable search of all publicly available information, it has been determined that the names of the members and or owners of [Plaintiff limited liability company] Wells Advance are not ascertainable." ECF No. 9-1 ¶ 21. Defendant argues that identifying all of Plaintiff's members is difficult and that it does not appear that any such members are from the same state as Defendant. ECF No. 9-1. However, as "the party invoking federal jurisdiction, it [i]s [Defendant]'s burden to establish the existence of diversity jurisdiction" and to do so affirmatively. *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d

613, 618 (2d Cir. 2019); *see also Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021) (recognizing that removal requirements must be "strictly construed" and courts must "resolve any doubts against removability") (internal citation omitted).  Here, Defendant has not met its burden of establishing Plaintiff's citizenship, and thus, complete diversity of citizenship.  *See, e.g.*, *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 618 (concluding that the defendant did not meet this burden because it "failed to establish whether the parties to this action were completely diverse").

Additionally, Defendant still has not properly established her own citizenship for purposes of this action.  Defendant alleged in its Notice of Removal that Defendant "is an adult with an address in the State of Texas" and "therefore a citizen of the State of Texas . . ."  ECF No. 1 ¶ 10.  In its December 5, 2022 supplemental submission, Defendant alleged that Defendant "is a citizen and resident of the State of Arizona."  ECF No. 7 ¶ 17.  And in its December 9, 2022 submission, Defendant alleged that Defendant "is a citizen and resident of the State of Arizona" while supplying an affidavit from Defendant showing that she "relocated to the State of Texas at the end of February 2022" and "moved to the State of Arizona in October 2022."  ECF Nos. 9 ¶ 29, 9-6 ¶¶ 3-5.  This action was commenced in state court on October 24, 2022 and removed to federal court on November 23, 2022.  *See* ECF No. 1.  "[T]he general rule is when, as in this case, diversity is the sole basis for asserting removal jurisdiction, diversity must exist both at the time the original action is filed in state court and at the time removal is sought to federal court." *Adrian Family Partners I, LP v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003). Therefore, Defendant must allege its citizenship as of October 24, 2022 and as of November 23, 2022, but has not.

In the alternative, Defendant asks this Court to order Plaintiff to identify the citizenship of all of its members.  ECF No. 9.  "[A] district court has discretion to order jurisdictional discovery in a removal case with improperly pleaded citizenship."  *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 617-18; *see, e.g.*, *Tutor Perini Bldg. Corp. v. N.Y.C. Reg'l Ctr., LLC*, No. 20-cv-00731 (PAE), 2020 WL 7711629, at *2 (S.D.N.Y. Dec. 29, 2020) (allowing "limited jurisdictional discovery to confirm or disprove the existence of complete diversity" among limited liability companies).  But "such discretion should be exercised with caution."  *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 618.  Courts "are not inclined to countenance prolonged preliminary litigation over the removal issue simply because [the defendant] failed in the first instance to aver a proper jurisdictional basis for removal."  *Lupo v. Human Affairs Intern.*, 28 F.3d 269, 274 (2d Cir. 1994) ("Removal procedures seek a rapid determination of the proper forum for adjudicating an action.").

This Court has already afforded Defendant two opportunities to supplement its Notice of Removal to supply the information necessary for the Court to confirm its subject-matter jurisdiction over this action.  *See* ECF Nos. 3, 8.  Defendant, in response, supplied additional allegations in sworn affidavits supported by accompanying documents.  *See* ECF Nos. 7, 9.  Under these circumstances, the Court will grant Defendant's request in part by allowing brief and limited jurisdictional discovery.  *See, e.g.*, *Tutor Perini Bldg. Corp.*, 2020 WL 7711629, at *2-3 (granting limited jurisdictional discovery where the plaintiff alleged diversity of limited liability company membership that was publicly available but "admitted that it does not know the citizenship of each LLC defendant"); *see also United Food & Com. Workers Union, Local 919 v. Centermark Props. Meriden Square*, 30 F.3d 298, 302 (2d Cir. 1994) (remanding to the district court to "allow the parties to supplement the record on the issue of each Union member's

citizenship and [to] allow the district court to make an initial determination as to whether complete diversity of jurisdiction exists").

Accordingly, IT IS HEREBY ORDERED that the parties shall undertake and complete such discovery, which shall be limited to document requests and interrogatories sufficient to identify the name and citizenship of all members of the Plaintiff limited liability company, and Defendant shall file an amended Notice of Removal that sets forth the name and citizenship of all members of the Plaintiff limited liability company (including those members' members, down the chain of ownership), by **December 20, 2022**.  In order to provide a rapid determination of jurisdiction, and because this is Defendant's third opportunity to properly allege complete diversity of citizenship, Defendant should not expect any extension of this deadline.

Dated: December 13, 2022
      New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge
